IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3261-FL

| KENNETH CARROLL MEE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| DAVID W. HOYLE, BRIAN ZIEVERINK, and THE STATE OF NORTH CAROLINA DEPARTMENT OF REVENUE, | ) | |
| Defendants. | ) | |

The matter is before the court on defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (5), and (6) (DE 16). The issues raised have been fully briefed and are ripe for adjudication. For the reasons stated, the court grants defendants' motion.

## STATEMENT OF THE CASE

On October 21, 2013, plaintiff filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 against defendants Secretary of Revenue David W. Hoyle, the State of North Carolina Department of Revenue, and Revenue Department Enforcement Agent Brian Zieverink. Plaintiff subsequently filed a motion captioned "motion to show State Secretary of Revenue and agents have civil contract with plaintiff," which the court construed as a motion to amend his complaint. On July 3, 2014, the court granted plaintiff's motion to amend, and directed plaintiff to particularize his amended complaint. The court cautioned plaintiff that the particularized complaint would be

considered the complaint in its entirety, and that the court would not review plaintiff's other filings to glean any misplaced claims.

Plaintiff filed his particularized complaint on July 18, 2014, challenging the seizure of his property pursuant to North Carolina's Unauthorized Substances Tax ("UST"), N.C. Gen. Stat. § 105-113.105, *et seq.* On September 24, 2014, the court conducted a frivolity review of plaintiff's particularized complaint. The court dismissed plaintiff's claim against defendant the North Carolina Department of Revenue for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), but allowed plaintiff to proceed with the remainder of his action.

On December 15, 2014, defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6). Alternatively, defendants assert the affirmative defense of qualified immunity. The motion was fully briefed.

### STATEMENT OF FACTS

Plaintiff alleges the following in his complaint:

> On January 5th 2012, is the day I was arrested and the incidents highlighted in my claim took place two months later. In the month of March, while out on bond, Off. Brian Zieverink, and six law officers of Wake County Police Dept. showed up at my apartment, and knock on my door. Without a warrant,[1] he began to question me about 16,678.85 dollars in cash that was allegedly the tax amount of the property he confiscated. I replied I didn't have 16,000 dollars, in which he replied well give me 10,000 dollars, or else he would take my vehicles. He insisted I owed taxes on drugs that had not been entered into evidence. I had not been indicted nor made any appearance concerning tax penalties or interests. He replied that he was going to take my property in which decided to take it upon himself to get in my car, without the keys, and forced my car to start. He took a 96 Chevy Impala, and 1982 Chevy Silverado. He took my

---

[1] Plaintiff asserts in his amended complaint that defendant Zieverink seized his property without a warrant. However, plaintiff attached a copy of the warrant, for the alleged seizure, to his response to defendants' motion to dismiss. See (Pl.'s Resp. Ex. A.)

> property by an illegal procedure, and illegal search and seizure. Later my property was auctioned off without informing me of the value or producing an amount towards the taxes he claimed I owe.

(Am. Compl. p. 4.) On March 27, 2013, plaintiff was convicted in North Carolina state court of trafficking schedule II controlled substances. See www.doc.state.nc.us.

As relief, plaintiff seeks monetary damages for the alleged "illegal seizure" and "reimbursement of any property, money etc. taking in this seizure." (Id.) Plaintiff additionally seeks monetary damages on behalf of his son who allegedly was present during the seizure.

## DISCUSSION

A.   Standard of Review

Defendants move to dismiss plaintiff's action, *inter alia*, pursuant to Federal Rule of Civil Procedure 12(b)(6) and Rule 12(b)(1). A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that

3

makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678, and Twombly, 550 U.S. at 557).

As for defendants' motion to dismiss pursuant to Rule 12(b)(1), a Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may either assert the complaint fails to state facts upon which subject matter jurisdiction may be based or attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams, 697 F.2d at 1219. The latter type of attack is used when a court's limited jurisdiction precludes hearing the case brought. Id. Since the court's power to hear the case is at issue in a Rule 12(b)(1) motion, the court is free to weigh the evidence to determine the existence of jurisdiction. Id. This includes exhibits outside the pleadings. Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995).

B.  Analysis

The court initially addresses plaintiff's attempt to bring this action on behalf of his son. As a *pro se* litigant, plaintiff lacks standing to litigate this action on behalf of his child. See Myers v. Loudoun Cnty. Pub. Sch., 418 F.3d 395, 401 (4th Cir. 2005) ("join[ing] the vast majority of [its] sister circuits in holding that non-attorney parents generally may not litigate the claims of their minor children in federal court"); see, e.g., Smith v. Frye, 488 F.3d 263, 272 (4th Cir. 2007) (explaining "that under Article III of the United States Constitution, a plaintiff . . . cannot rest his claim to relief on the legal rights or interests of third parties."); Padilla v. Eznor, 279 F. App'x 606, 615 (10th Cir. 2008) ("The district court dismissed this claim as frivolous holding [the plaintiff] does

4

not have 'standing to raise a claim on behalf of the prisoners' families.' We agree.") Further, plaintiff's *pro se* status prevents him from proceeding with a "next friend" action for his son. See Myers, 418 F.3d at 400 ("An individual unquestionably has the right to litigate his *own* claims in federal court, before both the district and appellate courts . . . . The right to litigate for oneself, however, does not create a coordinate right to litigate for others."); see also, Lore v. Wilkes, No. 1:12cv165, 2013 WL 5935072, at *5, n. 7 (M.D.N.C. Nov. 1, 2013) ("Given that Plaintiffs have brought this suit in their own names [], they lack standing to pursue (and this Court thus lacks jurisdiction to adjudicate) any such Fourth Amendment claims of their children."). Thus, the court GRANTS defendants' motion to dismiss plaintiff's action on behalf of his son.

The court now turns to defendants' argument that the court lacks subject matter jurisdiction over plaintiff's action because suits for a refund of state taxes are prohibited in federal court. The Tax Injunction Act, 28 U.S.C. § 1341, provides: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." As a result, "taxpayers are barred by principles of comity from asserting actions against the validity of state tax systems brought in federal court," as long as the state's remedies for taxation disputes are "plain, adequate, and complete." Fair Assessment in Real Estate Ass'n v. McNary, 454 U.S. 100, 115 (1981); see Lynn v. West, 134 F.3d 582, 594 (4th Cir. 1998) (stating that the Tax Injunction Act prohibits federal district court's from exercising jurisdiction over an action if (1) the action is to "enjoin, suspend or restrain the assessment, levy or collection" of a state tax, (2) the tax is a "tax under State law," and (3) the state provides a "plain, speedy and efficient remedy" in its own courts); Collins Holding Corp. v. Jasper Cnty, S.C., 123 F.3d 797, 799 n.2 (4th Cir. 1997).

5

Here, a plaintiff does not allege that the State of North Carolina has failed to provide a "plain speedy and efficient remedy." Rather, plaintiff seeks to circumvent the jurisdictional rules by phrasing his action not as one against the State of North Carolina, but as one against North Carolina Department of Revenue employees, in their individual capacities, for deprivations of his Fourteenth Amendment due process and Fourth Amendment search and seizure rights. A plaintiff, however, may not circumvent the federal court's jurisdictional bar from hearing a case challenging the administration of a state's tax system simply by phrasing a claim as one against state officials in their individual capacities. See Gust v. Tolson, No. 3:05CV444-MU, 2006 WL 1215414, at *1 (W.D.N.C. May 4, 2006), aff'd, 204 F. App'x 179 (4th Cir. 2006). Rather, the relevant inquiry is whether the plaintiff has a plain, adequate, and complete remedy under state law to correct an erroneous decision and raise any violations of their federal rights. Id. (citing Heuser v. San Juan County Board of Commissioners, 162 F. App'x 807, 809 (10th Cir. 2006)).

Here, North Carolina state statutory scheme provides plaintiff with various administrative remedies for the improper assessment or collection of taxes, as well as review by state courts. See N.C. Gen. Stat. §105-113.105, *et. seq.*[2]; DirecTV v. Tolson, 513 F.3d 119, 128 (4th Cir. 2008); Burton v. United States, No. 7:00–cr–105–1–F, 2009 WL 6452631, at *1 (E.D.N.C. May 18, 2009) (concluding that North Carolina law affords a plain, speedy, and efficient remedy for contesting assessments of taxes under the North Carolina Drug Tax statute). Plaintiff does not allege that North Carolina has failed to provide a plain, speedy, and efficient state remedy, and such remedies are

---

[2] N.C. Gen. Stat. §105-113.111 provides in pertinent part that "[n]otwithstanding any other provision of law, an assessment against a dealer who possesses an unauthorized substance to which a stamp has not been affixed as required by this Article shall be made as provided in this section. The Secretary shall assess a tax, applicable penalties, and interest based on personal knowledge or information available to the Secretary. . . . The dealer may seek review of the assessment as provided in Article 9 of this Chapter." See also, N.C. Gen. Stat. § 105-241.23.

available to plaintiff in challenging the tax collection or that he has availed himself of such remedies. Accordingly, the court finds the Tax Injunction Act to be controlling, and declines to exercise jurisdiction over this action. See Lawyer v. Hilton Head Public Service Dist. No. 1, 220 F.3d 298, 302 (4th Cir. 2000) ("Taken together, the Tax Injunction Act and the Supreme Court's decision in McNary make it clear that a federal court cannot entertain a suit posing either an equitable or a legal challenge to state or local taxes ('any tax under state law') if a sufficient remedy (a remedy which the Tax Injunction Act terms "plain, speedy and efficient" and which comity views as "plain, adequate and complete") is available in state court."); see also, Wendt v. Leonard, 60 F. App'x 487, 488 (4th Cir. 2003) (affirming the district court's finding that it lacked jurisdiction under the Tax Injunction Act to hear plaintiff's 42 U.S.C. § 1983 claim alleging violations of his Fourth and Fifth Amendment rights).

It is clear that the Tax Injunction Act bars suits in federal court for injunctive and declaratory relief in state tax cases. See California v. Grace Brethren Church, 457 U.S. 393, 408 (1982). The Tax Injunction Act also applies to suits for refunds or monetary relief. See National Private Truck Council, Inc. v. Oklahoma Tax Comm'n, 515 U.S. 582, 587-88 (1995); Collins Holding Corp., 123 F.3d at 799, n.2. To the extent plaintiff seeks damages through § 1983, principles of comity prohibit the court from exercising jurisdiction. See McNary, 454 U.S. at 110; Lawyer, 220 F.3d at 306 ("[W]e hold that, to the extent the appellants request injunctive relief or a refund of state taxes, the district court cannot exercise jurisdiction over those actions under the Tax Injunction Act. In addition, principles of comity preclude the district court from exercising jurisdiction over the appellants' claims for damages under § 1983. . . ."); but see, Ervin v. Hammond, No. 3:05CV059, 2008 WL 901185, at *11 (W.D.N.C. Mar. 31, 2008) (allowing the plaintiff to proceed with a due

7

process claim for damages against officer in his individual capacity for a violation of plaintiff's procedural due process rights pursuant to § 1983).[3]

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss (DE 16) is GRANTED, and this action is DISMISSED without prejudice. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 29th day of September, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[3] The court notes that the instant case is distinguishable from Ervin in that the plaintiff in Ervin did not seek a declaration that the Tax Injunction Act is invalid or seek injunctive relief in the form of a refund of the taxes collected. See Ervin, 2008 WL 901185 at *11.